**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

| | |
|---|---|
| MSP RECOVERY CLAIMS, SERIES LLC, : <br> : <br> Plaintiff, : <br> : <br> vs. : <br> : <br> ZURICH AMERICAN INSURANCE COMPANY, : <br> Defendant : <br> : <br> : | Civil Action No. _____ |

**NOTICE OF REMOVAL**

Defendant Zurich American Insurance Company ("Zurich") removes this action from the Circuit Court of the Eleventh Circuit for Miami-Dade County, Florida, to the United States District Court for the Southern District of Florida, Miami Division. Removal is based on the following grounds:

**I.     INTRODUCTION**

1. This is a civil action that may be removed pursuant to 28 U.S.C. §§ 1331 and 1441. This Court has jurisdiction under 28 U.S.C. § 1331 because this action arises under federal law.

2. On August 10, 2017, Plaintiff MSP Recovery Claims, Series LLC ("MSP Recovery" or "Plaintiff") filed this putative class action in the Circuit Court of the Eleventh Circuit for Miami-Dade County, Florida ("the State Court Action"). Copies of the Complaint and all documents filed in the State Court Action (docketed as **No. 2017-019605-CA-01**) are attached as **Exhibit 1** in compliance with 28 U.S.C. § 1446(a) and S.D. Fla. L. R. 7.2.

3. The Miami-Dade County Civil, Family, and Probate Courts Online System website reflects that an e-summons was issued on August 24, 2017. On October 4, 2017, the summons was served on Zurich by way of its designated agent.

4.	MSP Recovery alleges that it is the assignee of the rights of Medicare Advantage Organizations ("MAOs") of unknown number or identity.  Compl. ¶ 2.

5.	MSP Recovery alleges that Zurich had a primary obligation under the federal Medicare Secondary Payer laws to pay for "accident-related medical expenses" for its policyholders covered by mandatory no-fault coverage issued by Zurich who were also Medicare beneficiaries; it alleges that MAOs paid these expenses instead and are entitled to reimbursement. *See* Compl. ¶¶ 1, 5-6.

6.	MSP Recovery purports to bring this claim individually and "on behalf of a [c]lass of "similarly situated Florida MAOs or their assignees." *Id.* ¶ 23.

## II.	ZURICH HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL.

7.	Zurich, via its registered agent for service of process in Florida, was served with process on October 4, 2017.  This Notice is therefore timely pursuant to 28 U.S.C. § 1446(b).

8.	Venue lies in the United States District Court for the Southern District of Florida, as it is the "district and division embracing" Miami-Dade County, where the State Court Action is pending.  28 U.S.C. § 1441(a).

9.	Pursuant to 28 U.S.C. § 1446(a), copies of the Complaint and all documents filed in the State Court Action (**Dkt No. 2017-019605-CA-01**) are attached as **Exhibit 1**.

10.	Pursuant to 28 U.S.C. § 1446(d), Hartford has served or will promptly serve Plaintiff's counsel with written notice of the filing of this Notice of Removal; and Hartford has filed or will promptly file a true and accurate copy of this Notice, together with all exhibits, with the Clerk of the Circuit Court of the Eleventh Circuit for Miami-Dade County, Florida.

### III. REMOVAL IS PROPER BECAUSE THE COURT HAS SUBJECT MATTER JURISDICTION UNDER 28 U.S.C. § 1331.

11. 28 U.S.C. § 1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

12. "[A] case may arise under federal law where the vindication of a right under state law necessarily turn[s] on some construction of federal law." *Merrell Dow Pharms., Inc. v. Thompson*, 478 U.S. 804, 808 (1986) (internal quotation marks omitted). "Although the vast majority of cases that fall within such federal-question jurisdiction are cases that arise under federal law that creates a cause of action, federal-question jurisdiction may also be available if a substantial, disputed question of federal law is a necessary element of a state cause of action." *Jairath v. Dyer*, 154 F.3d 1280, 1282 (11th Cir. 1998). Indeed, "[a] case 'aris[es] under' federal law within the meaning of § 1331 . . . if 'a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 689-90 (2006) (quoting *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 27-28 (1983)).

13. A nominal state-law claim "raise[s] substantial questions of federal law" where the application of federal law is "an essential element" of the cause of action, "such that the claim will be supported if the federal law is given one construction or effect and defeated if it is given another." *Dunlap v. G&L Holding Grp. Inc.*, 381 F.3d 1285, 1290 (11th Cir. 2004) (quoting *Mobil Oil Corp. v. Costal Petroleum Co.*, 671 F.2d 419, 422 (11th Cir. 1982)). That is, federal jurisdiction is proper where the result depends on the resolution of "a dispute or controversy respecting the validity, construction, or effect" of federal law. *Mobil Oil*, 671 F.2d at 422 (quoting *Heirs of Burat v. Bd. Of Levee Comm'rs*, 496 F.2d 1336, 1342 (5th Cir. 1974)).

3

14. "[A] plaintiff may not defeat removal by failing to plead necessary federal questions in a complaint." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust for So. Cal.*, 463 U.S. 1, 22 (1983).

### A. This Court Has Federal Question Jurisdiction Over Count I of the Complaint.

15. The first cause of action for "Breach of Contract for Failure to Pay PIP Benefits" raises a substantial question of federal law under the Medicare Secondary Payer Act, 42 U.S.C. § 1395y, and its implementing regulations.

16. Count I alleges that Plaintiff seeks recovery "for Defendant's breach of contract with their insured, *pursuant to the MSP provisions*" and states that "[u]nder the MSP provisions, Plaintiff is subrogated to the enrollee/insured's right of action against Defendant."[1] (*See* Compl. ¶ 52) (emphasis added). In that allegation, "MSP" refers to the Medicare Secondary Payor or MSP Act, 42 U.S.C. § 1395y, and its implementing regulations.[2]

17. Plaintiff's ability to recover under Count I necessarily depends on the application and interpretation of 42 U.S.C. § 1395y and its implementing regulations. MSP Recovery is not

---

[1] Other courts in this district have remanded actions asserting claims arising under Florida Statutes § 627.736, which governs the provision of personal injury protection ("PIP") benefits. *E.g.*, *MSPA Claims 1, LLC v. Allstate Prop. & Cas. Ins. Co.*, No. 16-20443-Civ-Scola, 2016 WL 4370078, at *2 (S.D. Fla. June 30, 2016) (finding no federal jurisdiction where "All four counts recite, identically, that 'Defendant failed and/or refused to make complete payments of the No-fault benefits as required by Section 627.736, Florida Statutes'"); *MSPA Claims 1 v. Liberty Mutual Fire Ins. Co.*, No. 16-20271-CIV-GAYLES/TURNOFF, 2016 WL 3751481, at *3 (S.D. Fla. July 14, 2016) ("Plaintiff alleges that its right to reimbursement is based on Florida Statute § 627.736."). By contrast, in Count I here, Plaintiff instead purports to rely entirely on federal law to establish its entitlement to sue for breach of a contract to which it is not a party. Compl. ¶¶ 52-56 (alleging that "Defendant was *contractually* obligated to pay for medical expenses" and that under the MSP law, plaintiff is entitled to sue for such a breach).

[2] Generally, and in keeping with its name, the MSP Act provides that where an individual is covered by both Medicare and a "primary plan" – such as certain group health insurance, worker's compensation, automobile insurance, or no-fault insurance plans – the "primary plan" must pay for the individual's medical expenses before Medicare. *See* 42 U.S.C. § 1395y.

an insured of Zurich and has no contract with Zurich. MSP Recovery is an alleged assignee of an MAO[3] that allegedly paid for medical services provided to a Zurich insured. Count I alleges that Zurich breached its contract with its policyholders by failing to "make complete payments of the no-fault benefits as required by [Zurich's] contractual obligations," and that the regulations implementing 42 U.S.C. § 1395y give the MAO from which plaintiff allegedly took an assignment the right to sue on the policyholder's behalf. Compl. ¶ 52. To this end, Count I alleges that Zurich "was contractually obligated to pay for medical expenses and items arising out of an automobile accident"; that it "failed to meet that obligation"; that the "obligation was, instead, fulfilled by the . . . [MAO] and other Class Members"; and that as a result, "[u]nder the MSP provisions" of 42 U.S.C. § 1395y, "Plaintiff is permitted to subrogate the enrollee/insured's right of action against Defendant." *Id.* Thus, MSP Recovery's entire entitlement to pursue Count I – let alone recover – turns on the application and interpretation of the regulations implementing 42 U.S.C. § 1395y.[4]

18.    Indeed, just two months before filing this action, plaintiff's counsel represented to a court in this District that it had federal question jurisdiction over a cause of action identical in all material ways to Count I of this action. *See MAO-MSO Recovery II v. USAA Casualty Ins. Co.*, 1:17-cv-20946-JAL (the "*USAA Action*," attached hereto as **Exhibit 2**), Dkt. 36 ¶ 8. The only difference between Count I of this action and Count II in the *USAA Action* is that plaintiff in this action removed a reference to a section of the MSP Act's implementing regulation "42 C.F.R. §

---

[3] "Under the Medicare Advantage program, a private insurance company, operating as an MAO, administers the provision of Medicare benefits pursuant to a contract" with the government. *Humana Med. Plan, Inc. v. W. Heritage Ins. Co.*, 832 F.3d 1229, 1235 (11th Cir. 2016).

[4] Indeed, the main difference between Count I and Counts II and III is that plaintiff alleges that its subrogation rights in Count I arise via the "MSP provisions" (*i.e.* federal law), whereas Counts II and III allege subrogation rights arising under Florida state subrogation law. *Compare* Compl. ¶ 52 *with* ¶¶ 57-62 (alleging an entitlement to "Conventional Subrogation"); ¶¶ 63-67 (alleging "Equitable Subrogation").

411.26." *Compare* Compl. ¶ 52 *with USAA Action* Compl. ¶ 82. That stylistic change does not affect federal jurisdiction. *See Franchise Tax Bd.*, 463 U.S. at 22 ("It is an independent corollary of the well-pleaded complaint rule that a plaintiff may not defeat removal by omitting to plead necessary federal questions in a complaint.").

19.     Moreover, the construction, interpretation, and application of federal law will play a substantial role in determining – for example – whether plaintiff may recover in the place of Zurich insureds.

20.     By statute and regulation, the United States is entitled to be subrogated to a Medicare beneficiary's right to recover against their insurance companies. *See* 42 U.S.C. § 1395y(b)(2)(B)(iii); 42 C.F.R. § 411.26(a). The Complaint appears to assert that these same provisions also entitle MAOs (and by extension, Plaintiff as a purported assignee) to be subrogated to their member's right to recover against their insurance company, as the deliberately omitted regulatory citation (which was included in the *USAA Action*) is a reference to 42 C.F.R. § 411.26(a). But it is far from clear whether MAOs may exercise the same rights as the United States – 42 U.S.C. § 1395y makes no reference to MAOs, and 42 C.F.R. § 411.26(a) makes explicit reference to "CMS,"[5] but not to MAOs. Therefore, among other issues of federal law, this Court will therefore be called on to determine whether 42 U.S.C. § 1395y and 42 C.F.R § 411.26(a) combine to allow MAOs to subrogate claims against Zurich.[6] *See, e.g.*, *Parra v. PacifiCare of Ariz., Inc.*, 715 F.3d 1146, 1153, 1154 (9th Cir. 2013) (recognizing that some MAO regulations

---

[5] The Centers for Medicare & Medicaid Services.

[6] Alternatively, the court may be called upon to construe 42 U.S.C. § 1395w-22(a)(4), a federal statute that actually addresses the rights of MAOs (referred to in the statute under their former name, "Medicare Choice" plans). For example, 42 U.S.C. § 1395w-22(a)(4), unlike 42 U.S.C. § 1395y, provides that an MAO qualifies as a secondary payer. It is an open question whether this statutory authority supports the regulatory provisions set out above, or whether other regulatory grants of authority allow MAOs to subrogate the rights of individual insureds.

did not validly confer upon private parties a right of action that is available to the government); *see also Humana Med. Plan, Inc. v. W. Heritage*, 832 F.3d 1229, 1242 (11th Cir. 2016) (noting that the plaintiff MAO's asserted private right of action – on its own behalf – "appears to comport with" 42 C.F.R. § 422.108(f), but not considering the validity of 42 C.F.R. § 422.108(f) or its application to subrogation claims). Whether or not 42 C.F.R § 422.108(f) is valid, applicable, and the scope of the rights that it confers, may well prove dispositive of plaintiff's ability to bring a private subrogation cause of action "pursuant to the MSP provisions."

21. Count I of Plaintiff's complaint therefore "arises under" federal law, such that this court may exercise jurisdiction to resolve it.[7]

### B. This Court Should Exercise Supplemental Jurisdiction Over Plaintiff's Remaining Claims

22. Where federal jurisdiction is proper over at least one claim, a district court possesses supplemental jurisdiction over all state-law claims that "arise out of a common nucleus of operative fact" with the "substantial federal claim." *Parker v. Scrap Metal Processors, Inc.*, 468 F.3d 733, 743 (11th Cir. 2006). The court "must exercise its jurisdiction over [the] related state law claims unless a statutory exception applies." *MSP Recovery, LLC v. Allstate Ins. Co.*, 835 F.3d 1351, 1362 (11th Cir. 2016).

---

[7] While this case involves disputed issues of fact, the central issues identified above are "nearly pure issue[s] of law," *Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1297 (11th Cir. 2008), that do not turn on the particular facts of this case and would benefit from federal decisions that could be "controlling in numerous other cases," *id.* at 1296. These issues are "substantial questions of federal law, and thus justify resort to the experience, solicitude, and hope of uniformity that a federal forum offers on federal issues." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005).

23. As set out above, the court has federal question jurisdiction over Count I. Counts II and III share a common nucleus of operative fact with Count I, and no statutory exception applies. This court therefore has supplemental jurisdiction over Counts II and III.

24. The "common nucleus of operative fact" standard is broad. In *Parker*, the Eleventh Circuit recognized that two claims arising out of the operation of a single business arose from the same factual nucleus. *See* 468 F.3d at 743. Although Plaintiff's Complaint pleads no actual (or even exemplary) facts, it is clear that (in Plaintiff's conception) all three Counts share the same underlying fact pattern: a Zurich insured was injured; Zurich failed to pay all required benefits; an MAO paid for the insured's treatment on Zurich's behalf; and Zurich has not reimbursed that entity. Compl. ¶¶4-6. Indeed, Counts I, II, and III differ only as to the purported source of the obligation, not the underlying facts: Count I alleges that the plaintiff's entitlement to sue arises out of federal "MSP provisions," and that the obligation that Zurich breached was contractual in nature. Counts II and III allege the same facts, but assert that plaintiff's entitlement to sue arises under Florida subrogation law and that the obligation that Zurich allegedly breached depends on the Florida no-fault law, Fla. Stat. § 627.736. Thus, all three theories arise out of the common nucleus of operative facts – Zurich's handling of the claims of the insureds in whose shoes plaintiff brings suit.

25. No statutory exception applies. *See* 28 U.S.C. § 1367(c). Moreover, while this action presents complex questions of federal law, it does not "rais[e] a novel or complex issue of State law." *Id.* § 1367(c)(1). The state law claims do not "substantially predominat[e] over the claim . . . over which the original court has jurisdiction." *Id.* § 1367(c)(2). And, finally, this is not an "exceptional" case presenting "compelling reasons" to remand the state-law claims. *Id.* § 1367(c)(4).

26. Accordingly, this court must entertain this entire action.

**WHEREFORE**, without waiving any of its potential defenses or counterclaims, Defendant respectfully removes this action from the Circuit Court of the Eleventh Circuit for Miami-Dade County, Florida, to this Court.

Date:  November 1, 2017.

Respectfully submitted,

By:  */s/ Kendall Coffey*
 Kendall B. Coffey, Esq.
 Florida Bar No. 259861
 kcoffey@coffeyburlington.com
 Scott A. Hiaasen, Esq.
 Florida Bar No. 103318
 shiaasen@coffeyburlington.com
 lperez@coffeyburlington.com
 service@coffeyburlington.com
 **COFFEY BURLINGTON, P.L.**
 2601 South Bayshore Drive, Penthouse One
 Miami, Florida  33133
 Telephone: (305) 858-2900
 Facsimile:  (305) 858-5261

 – and –

 Michael Menapace, Esq. (Of Counsel)
 **WIGGIN AND DANA, LLP**
 20 Church Street
 Hartford, CT 06103
 Telephone: (860) 297-3733
 Facsimile:  (860) 525-9380
 mmenapace@wiggin.com

 *Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on November 1, 2017, I electronically filed the within and foregoing Notice of Removal with the Clerk of Court using the CM/ECF system.  I also certify that a true and correct copy of the foregoing was served via email on November 1, 2017, upon all counsel or parties of record on the Service List below.

| SERVICE LIST | |
|---|---|
| **John H. Ruiz, Esq.**<br>**Frank C. Quesada, Esq.**<br>MSP RECOVERY LAW FIRM<br>5000 S.W. 75th Avenue, Suite 400<br>Miami, Florida 33155<br>Telephone: (305) 614-2222<br>serve@msprecovery.com<br><br>*Counsel for Plaintiff* | |

                                */s/ Kendall Coffey*
                                Kendall Coffey